We will hear argument next in No. 231328, Jones v. MSPB, and Mr. Finley, whenever you are ready. MSPB Thank you, Your Honor. May it please the Court, my name is Tillman Finley. I am counsel for the petitioners in this case, Mark Jones, Michael Taylor, and Fred Winn, each of whom are in the courtroom today. Your Honors, this case presents a question of great significance for the effectiveness of the laws protection for federal government employees from reprisal for whistleblowing activity. MSPB Mr. Finley, before we get into the merits, we ask you to be ready to address jurisdiction. I assume since you are the appellant, I know the answer to this question, but what is your view about whether we have appellate jurisdiction? MSPB Your Honor, our view is definitely that there is appellate jurisdiction, and the reason for that is that in this case, the other claims that are not before the Court now were all decisions which were referenced in the Court's order, including Judge Richardson's decision last year in the Khabidi case. I hope I am pronouncing that correctly. All address the interesting and in some respects concerning issues that arise where a case at the district court level is taken to finality by the plaintiff or plaintiff and defendant collectively dismissing remaining claims that have not been decided for whatever reason or another without prejudice or on some kind of conditional or agreed manner by which if the appeal goes one way, those claims are revived or come back. I'm going to read you two sentences from Khabidi and ask you to explain to me how one would write an opinion saying one has appellate jurisdiction given these two sentences. So this is on page 531. True, some partial dismissals are final and appealable after the parties dismiss all the voluntarily dismissed remaining claims. That's promising for you. This is the sentence I'm worried about. But that's only when the district court dismisses some claims and in the process makes it legally impossible to prevail on the remaining claims even while allowing them to live on. It seems pretty clear to me this case doesn't fall within the only carve out, so therefore I'd have to say that only doesn't mean only, right? Well, it depends. If you read the both sentences all together, yes, obviously that is a reference to the affinity chapel case which dealt with affinity living, excuse me. If the sentence said we have heretofore only allowed it when blank, then you'd be fine. We could say fine, we're going to allow it in a situation where we haven't allowed it before. And maybe this is dicta and this language may go beyond what was necessary to decide this case, but at least on its face, that sentence seems to say we don't have a pallet jurisdiction. So what the court said, what Judge Richard's opinion says, the parties cannot collude to create finality after the fact. I'm not sure. There's some other language and it's great. I think the entire rest of the opinion would be very easy to write around, but that sentence is hard to write around. And the reason why is the premise of that second sentence about the only is the first sentence which says cannot create finality after the fact through a voluntary dismissal without prejudice, then citing to the Fourth Circuit's previous decision in Wall Chapel. And if you look at Wall Chapel, Wall Chapel was a case that very clear points out, hey, you can't, I think it was a motion for judgment on the pleadings there where the court granted motion for judgment on the pleadings on one claim, denied it on the other, and then the plaintiff voluntarily dismissed without prejudice the other one, took it up on appeal. Fourth Circuit said, hey, you can't do that, even under previous existing case law. But what you can do is if it's dismissed with prejudice. And the Fourth Circuit then exercised jurisdiction by deeming the dismissal below, even though it had been expressly without prejudice, to be with prejudice. And there is a boatload of cases from all of the circuits doing exactly that, even post-Microsoft. Oh, even, okay, because Wall Chapel is before Microsoft. It is. And so I think the question for us is sort of how Microsoft affects that, because the dismissal in Microsoft was at least technically with prejudice. And then in our Kena case, the arbitration case, the dismissal was also with prejudice. And in both of those cases, well, in Microsoft, the Supreme Court said you can't do it, and in Kena, we said you can't do it, even though it was with prejudice. But it was conditional in both cases. Each of these cases that the court referenced in the order, the dismissal was either without prejudice, or it was this weird kind of thing, which I don't even know if it's a thing, to dismiss conditionally. It's with prejudice conditioned on if it's reversed, then it can be renewed. So maybe one way Which apparently they got a district court to approve and So one way these cases, I've been trying to map these cases on is I have the same reaction that this with prejudice is not helpful because people are using it as meaning different things. So one thing, one way I thought maybe is helpful is think about what happens if the appeal succeeds and what happens if the appeal fails. So in Microsoft, it seems to me the plaintiffs were saying, look, if my class certification appeal fails, I can't bring my individual claims. Justice Ginsburg says that several times. But she also says that if the appeal succeeds, they can bring their individual claims. So in other words, it's like a challenge flag in football. Like if the challenge works, I get to keep doing what I was doing before. Right. And that seems to be true of Kena too. If the appeal succeeds, I mean, after all, what the woman wanted to do in Kena was not arbitrate. She wanted to litigate, not arbitrate. And so, of course, she was saying, if my appeal from the arbitration award succeeds, I get to litigate, not arbitrate, which is the thing I want to do. Right. And then in committee, it seems the worst of all situations where they're like, if I win this appeal, I get to do what I want. And if I lose this appeal, I still get to do what I want, which is the ultimate manifest. So all that seems maybe there is room open to say, no, the difference here is that even if they win this appeal, they've given something up. There's been a cost, even if they win the appeal. So with that in mind, if my view is that your only possible hope to get appellate jurisdiction here is that your clients have irrevocably given something up, even if they win this appeal, they've irrevocably given something up. Would you help me understand what they've tangibly given up in the real world? What is the price they have paid for taking this appeal? The price they have paid is all of the other claims that we dismissed with prejudice, which cannot be brought back no matter what happens on this appeal. Either we're going forward on the claims that are at issue with this appeal or the case is over. What about the government's response that you're going to just reuse all the evidence that you would use for the claims that you quote voluntarily dismissed to prove the allegations that you now want to present? Well, I mean, the fact that we're not asserting a claim really doesn't have much effect over what evidence may or may not be admissible. Let me put this really tangibly. What remedy could you have gotten under the claims the adjudicator said you could proceed that you have irrevocably given up by choosing to do that? There are a number of things. There probably would have been limited reputational damages for certain things that pulled them back from certain task forces, certain programs. There was a separate position that Mr. Jones applied for and was denied that was the subject of a claim. That's different from the positions that are at issue here. It's post-action. He put in an application for they can't seek damages for the denial of that position. It would have been a relatively minor in the greater scheme damages that would not be subject here. I'm sorry. Just as a point of clarification. I should let you finish your answer, Judge Hyten. I'm good. So Mr. Wynn's claim, didn't the ALJ allow to advance a claim that he had been effectively discharged? Yes, a constructive discharge claim. How is that like a minor damages claim? That sounds like he lost his job. Well, because what he did, he made the decision to not put up with the situation any longer and went and took a lesser job elsewhere in the agency. And there's some minor, it wasn't out of a job altogether. There is some lesser extent to his compensation that resulted from that that would have been damages for that. Because he sort of mediated his damages. Exactly. Exactly. Just practically speaking, I am trying to get my hands around similar to the question that Judge Richardson asked earlier, our first argument. Just practically, the ALJ did say you could go forward on these seven claims, some of which were pretty serious. Yes. Why, to the extent you can share it, I'm not asking you to reveal confidences or anything, but what's so special about these three claims as opposed to those seven? I'm happy to share. And the reason, as I indicated, there are damages for some of these. Some of them kind of be pretty iffy and minimal. Some of them it's a little more, but it's not the main event. The main event is these guys were lined up to all be, in the very near future, GS-15 level employees. They were unique within the entire agency in terms of their qualifications, their clearances, their abilities. It is effectively what happened was the claims that are presently before the court, and the real crux of the case, where the real harm is in terms of potential damages, is Mr. Jones and Mr. Taylor lost their director and deputy director positions. All three of them lost what was a very clear prospect for GS-15 positions. And in the process, they were sidelined completely, pulled out of their professional environment, pulled out of contacts, pulled out of working groups with other agencies. That was a claim that was dismissed, the part where they didn't get any real work ever again. Well, there's certain programs that we had specific claims that they were pulled out for which they had gotten notoriety, but by dismantling the agency, relegating it to a branch, stripping it of effectively all of its duties. To me, this answer raises some of the concerns that Judge Heitens was talking about. I feel like you are alluding to some of the claims that you waived. I think there is some overlapping evidence for sure, but the damages are different. And if these claims, if those GS-15 positions and the career trajectory where those were headed from that point is out of the case, which is what the jurisdictional rulings done, then affected, then we're wasting our time here. What remedy are you seeking for these structural claims? Like, let's just posit that I don't think courts can tell the executive branch whether something should be a division or a branch or to undo a decision to make a division a branch. What is the remedy you're seeking? It's story damage. Money. Yes. Yes. Well, so then that brings me back to, like, in other words, the money that's completely fungible with the money you could get for the claims that you gave up. Maybe to some small degree it would be. If both claims were before the court, there might be issues about what overlaps. But the big— So you're going to ask for this agency to quantify in money what the effect on a career trajectory of a decision to recategorize a division to a branch is? Yes, because that decision was made for the purpose of pulling these guys out of the line for which funding had already been identified. They were already on track for all of this to happen. That was pulled back within a month of it being approved. They were sent to a closet. But the basic—for Judge Hagen's question—the basic point of that is the move from 14 to 15, right? And that's the—and we can talk about that in lots of different ways. But the three claims that remain all fundamentally from a compensatory purpose boil down to not reputational interest or anything else, but it's literally, like, the schedule numbers of moving from 14 to 15. Yes, plus, you know, projections from there in terms of their ability, you know, for other positions, future employment opportunities, even private sector, whereas, hey, if they're GS-15 directors of— Right, right, but that's the inflection point, right? So we go from 14 to 15, and then your view is 15, both on the pure government numbers, but also maybe some other benefits, but it's all dependent upon this move from 14 to 15, where much of, although maybe not all of, the other claims weren't dependent on that 14 to 15 move. That is correct. They're, you might say, sort of softer moves, right? This has reputational effects. This might affect my engagement in one way or the other. But the 14 to 15 is really the crux of the damage history. Correct, and to complete the answer to your question, Judge Harris, yeah, and so the situation in which we found ourselves was the agency was saying, we're going to take several months, maybe as much as a year, to even process discovery in this case. And so the ALJ was just, had suspended the case, stayed it, then he was just going to dismiss it without prejudice and say, you know, come back when the agency is ready to produce discovery. So it was looking like years of litigation over relatively small claims with clients with limited resources. I mean, they're career government employees for the most part. So that's kind of the, that's the answer to the why. I have a question, a couple other questions in the merits. I have not been able to identify, so I'm asking if you have, a case where a court has held that something was a prohibited personnel action despite the fact that the court would be powerless to undo it. Like this kind of thing. I guess, what's your best case that it says something like this is a prohibited personnel action? What do you, if you, if I want to say, you get my undivided attention to read one judicial decision that says something is a prohibited personnel action. What decision would you like me to read that's closest to the situation? So again, in the context that the question here is, the issue here is the preliminary jurisdictional question. You know, is an agency action something that can give rise to a whistleblower protected? Right. Separate and apart from what the evidence proves and whether there's a defense. That's what my next question is going to be about. Briley deals with the situation of a archivist denied what she thought should have been a GS-12 position. Through a little bit of, the allegation was it was directed at her whistleblowing activity and they kind of fussed around and reclassified some positions and didn't reclassify hers. You know, and, and, and so that, that's because that gets directly to the GS-15, but all of these cases deal with some version of monkey business, you know, that is an end run. So another question. My last question I think on the merits involves what I think was a difficult conceptual question that I think to some degree the parties are just sort of talking past each other about. So in deciding whether or not you've made a non-frivolous allegation of a personnel action, is this more analogous to a motion to dismiss under federal law so procedure 12b-1 or 12b-6? In the following sense, right? So a person who, usually a person who brings a meritless federal question claim loses under 12b-6 because we conclude ick, ball, swambley, the factual allegations are insufficient, right? But sometimes your allegation of a federal question is so frivolous the federal court doesn't even have jurisdiction in the first place, right? Now the Supreme Court has said that's rare and we don't do that and it has to be like transparently obvious that your federal question claim is legally frivolous. So I guess my question is, is the question that the ALJ is supposed to decide here and that's the question we're reviewing, is it whether they have in fact stated a personnel action or is it whether their allegations are so frivolous as to not even establish the jurisdiction? And let's posit that I think the answer to that question might matter for what the right answer here is. I think this is a little complicated because obviously in the MSPB context you're not applying the federal rules. No, I understand. It's a conceptual point. It is. And I think the answer is, I hate to answer it this way because I'd love to answer it directly, I think the answer is it's somewhere in between because what the standard clearly is, is have they made a non-frivolous allegation of an agency action in reprisal for whistleblowing activity? And so you have that non-frivolous component. Okay, so maybe I'll try one more time. Is the non-frivolousness, is it purely a matter of the factual sufficiency of their allegations or is the question whether the legal assertion that that is a personnel action legally frivolous? Is it purely factual frivolousness or is it factual and legal frivolousness? I think it would have to be some combination of the two. And it's actually probably more factual now that I think about it because again, the only thing that I'm aware of the courts have ever definitively concluded categorically is not or cannot be a personnel action under any scenario is the denial of a security clearance. Yeah, because there are separate issues there about judicial reviewability of security clearance decisions. Pretty much anything else an agency does, however it's characterized, can within the scope of the statute be an action that, and if it has a personnel, the effect of a personnel action, then it is actionable if there is a non-frivolous allegation that it was taken as a reprisal for whistleblowing activity. The ALJ had no problem with that latter part. The ALJ's decision was premised on this idea that, well, these things that are subject to the claims here, they are not personnel actions. And frankly, based on the case law, we think that was entirely too narrow a view and a unsupportedly narrow reading of the rigidity case on which the ALJ replied. I apologize for running over. You were answering my question. Thank you. Thank you. May it please the court. Steven Fung for the MSPB. The case before you today is not really about whistleblowing. Fung, first question. Yours I actually am not sure I know the answer. What does the government think about whether we have jurisdiction? I was pretty sure I knew his answer, but I'm actually not sure I know yours. We actually agree with the petitioner that this court does have jurisdiction. A voluntary dismissal with prejudice before the board has the effect of removing those claims from the board's jurisdiction permanently. So when this case goes back, if it were to go back, I apologize, to the board for further review, those claims would be gone. They cannot be relitigated. Can you tell me why that is? I would have totally accepted that until we heard the argument just before us where they say, oh, we're just going to refile it, right? So when I tried to look, or more importantly, that guy tried to look, at why in an agency context the dismissal with prejudice is sort of like a meaningful move, help me understand from the government's perspective why that with prejudice. There's not a procedure for doing this, right? There's not a rule that says if dismissed with prejudice, that has preclusive effect, or at least there's not a rule that I can find. How do I know that this dismissal with prejudice is sort of like irrevocable-ish? So unlike the immigration case that came before us, the board applies preclusive effect to those claims when they come back. Why is that? Because – Is there a rule or something I can like – There is no rule on that. There is no regulation defining with prejudice, but board case law established over the last 40 years applies res judicata effect to claims that were voluntarily dismissed with prejudice. So – Where we would look for that proposition, I'm not doubting that it's true. I just was trying to figure out where we'd get that. That's the sort of the board's own sort of procedural common law. Yes, the board's common law establishes that those claims are dismissed with prejudice and can't come back. So if the petitioners were to come back and try to relitigate them, they would just be dismissed as res judicata or collateral esophola. However, they can – The same way if you tried to refile a with prejudice dismissal claim in a federal district court, they get it. Absolutely, Your Honor. You can't do that. Yes. So they could not come back at all, and so that is why this decision is a final decision on the merits. The only way – the only review you have of those claims is really about whether the board's acceptance of the voluntary dismissal was proper, and petitioners aren't challenging that. And so those claims are gone on the merits. If they come back, they're not being relitigated. Going back to – petitioners are challenging three claims before this court, and only three claims, whether the relegation of the WMD division to a branch, the reduction of its size, and the stopped contemplation of three potential GS-15 positions or personnel actions. And all three of those claims suffer from the same problem, which is the board can't fix any of those actions. The board can't tell – I mean, it is a basic premise of our legal system that money makes everything better, right? I mean, frequently we are in court on a contract claim or a tort claim or an employment discrimination claim, and the court can't undo the bad thing that happens, and we employ the legal fiction that money solves all problems. But the board's authority is a little bit more limited under the WPA in that it's restricted to providing corrective action, and corrective action is functionally, under the WPA, undoing whatever happened. And the board – the WPA doesn't turn the board into some sort of super personnel action or super personnel agency. That would suggest that – I mean, the statute says that the failure to take a promotion – rephrase it slightly so that it's in English, right? It's the failure to take a personnel action, but really it's the failure to grant a promotion is the way that we think about it. But that would suggest that the board could promote them to GS-15, right? So put aside their three claims here, right? One's the failure to move to GS-15, but why can't the board make them GS-15? So I want to go back a little bit. I'm not saying they should or won't do, but you've said they lack the ability to do this. And so why does the board lack the authority to make these three GS-15? The board lacks the authority to create a GS-15 position, and that's different from the cases petitioners previously cited. If you go back through the petitioners – Is it Regeary or whatever it is, right? So there the story is the individual applies for this position, and instead of filling the position, they cancel the position. The position no longer exists, right? But presumably in that case, the board had the authority – there is no position. The board had the authority to order that promotion, even though at the time the board is acting, there is no such position. In that situation, the board had the authority to undo the cancellation of an existing position, which is different from creating a position in the first place. So that doesn't make sense to me. Why is that? Tell me, where in the sort of statutory authority says that they can create one that's been canceled, but they can't create one that hadn't been canceled? Well, it goes back to what the board's authority is. And I want to point out one thing really quickly in the record about this, which I think does actually provide clarification to a lot of these issues, which is that the position was never created, and petitioners had possibly overstated the existence of these 15s in the first place. Fine, but exhibit that for a minute. Assume that they weren't ever created, right? But I don't understand how the board's power is different in creating a position that was contemplated but not created and creating a position that was canceled. In both instances, the board is making something that does not exist as of today. Because in the latter situation, the board is correcting an action. It is correcting the cancellation of an action as opposed to creating something that never existed in the first place. Personnel action, right? So the statute defines personnel action not as the creation of some abstract position, but it's the promotion. And so they're entitled to remedy the failure to take a personnel action. The personnel action that was not taken was a promotion. So they have the authority to make that promotion. We do not have the authority to order the agency to create a position. It otherwise had said in its own documentation it had no intent of creating. Let me give you a hypo that I think helps this. So failure to promote. Say there is a 15 position, and let's say two people apply for that 15 position. And let's say that in a world free of prohibited retaliation against whistleblowers, it is absolutely clear that Judge Harris would get it, not me. But in an act of whistleblowing retaliation, they give the position to me, not to Judge Harris. And Judge Harris then brings a claim. You wouldn't say you can't remedy that because presumably the remedy is for me to fire me. What do we do? What would the agency do in that situation? My suspicion is what they would do is they would order that you give Judge Harris a GS increase too. But I would hope that you wouldn't take mine away because now I'm going to probably have an action against you, which is like you can't undo the promotion you gave me. So what would happen in that scenario, and why is that different than what they're asking for here? That actually might be what happens. That's distressing. The board would undo the action. The board's authority is to issue corrective action. And so if a person was not appointed the GS 15 position they were legally entitled to, and it was because it was a proven whistleblower reprisal, then it would undo the personnel action and award the position to Judge Harris. In that situation, the agency might on its own try to come up with some sort of accommodation for the individual loss of position. That's not something the board has authority over, but it would turn around and award the position to Judge Harris. Can I ask you on the case? So your friend of the other side cited what I also tend to think is his best case on this legal factual insufficiency, which is the Federal Circuit's decision in Briley. And I know that you think it's ultimately good for you that the Federal Circuit sustained a decision that it wasn't a personnel action. The part that strikes me as bad for you is on page 1380 where the court says – sorry, that's not where they say that. They say it earlier. Basically, before ultimately concluding that the agency concluded permissibly that it was not a personnel action, that there was not retaliation, the court said very clearly in Briley this was a non-frivolous allegation of a personnel action, and so the board had jurisdiction. And then there's a whole series of other Federal Circuit decisions that basically chastise the board for failing to attend to the difference between having jurisdiction and concluding that the claim fails. So where are we on that side of the line here? So I believe there's two different questions in there, and I'll try to answer the first one. At least two, probably. With the Briley question first, the distinction between this case and Briley is, again, the existence of an actual position. In Briley there was a series of individuals who had GS-12s, and Briley was alleging that she was the same as them, and her allegation was you shouldn't make me a 12 like them, and the reason you're not implicitly a reprisal. It seems to me that Briley, I'll say, suggests very strongly that this is closer to 12b-1 than 12b-6, to pick up the analogy I had with your friend on the other side, because Briley very clearly says there are allegations that are sufficient to confer jurisdiction on the board but insufficient to ultimately succeed in showing that something is a personnel action, that those are different questions. Briley seems pretty clearly to say that to me. So there is a series of Federal Circuit cases that do discuss the possible distinction between 12b-6s and 12b-1s at the board. And that sort of yell at the board for repeatedly failing to attend to that distinction. The decision the board follows, though, also treats this like essentially a 12b-1. Admittedly, the board does lead these two together in their jurisdictional determinations at the end, and in Ruggieri what the Federal Circuit states is that the board's jurisdiction in a personnel action, or whether somebody's made a non-frivolous allegation of a personnel action, is whether the board has the ability to undo that action. I know you want to talk about whether the board can undo the action, but I am really hung up on the same set of questions that Judge Patins is asking you. I am trying to figure out, am I trying to decide whether the petitioner's legal claim is non-frivolous, that if all of these facts happen, that would be a covered personnel action, or does the petitioner get the benefit of the sort of non-frivolous standard only when it comes to factual allegations? Do you understand what I'm saying? I do, and I apologize because it is a bit confusing, and the answer is- It's probably confusing. I've read all of the opinions, well, probably not all of them, but like six or seven of them, and they are clear as mud to me. I do not know what's going on here. And I can only confuse you further by saying the answer is both, and I apologize for that. No, that's a very clear answer. So you're saying so long as the legal claim is non-frivolous and the factual allegations are non-frivolous, the Board has jurisdiction. Yes, Your Honor. Okay. And they might lose, and then once the Board has jurisdiction, the Board might say, we've considered all of your arguments, and you lose. Yes, essentially, if the petitioners have made factual allegations assumed to be true that create a legal- that meet the legal standard for personnel action, whistleblower, or corrective action- Does it meet the standard, or is it just plausible and non-frivolous that they-perhaps this would count as- If the facts assumed to be true meet the standard. That's not what you said before. Before you said it's enough that they have a non-frivolous legal claim, that the facts assumed to be true would meet the standard. I apologize if that's not what I said before. What I'm trying to say, and again, this shows how confusing it can be, is that if you have factually alleged statements that assume to be true, meet the legal definition of the elements of the claim, you've established Board jurisdiction. All right. Maybe here's another hypo, and I hope this doesn't just prove what I did for a living before I was a judge, but are you familiar with the case called Bell v. Hood? Not off the top of my head, no. Okay, so I'll just give you the basic scenario. In 1946, someone basically attempts to bring a Bivens action. They bring what is essentially a Bivens action in 1946. And the district court- This is, of course, long before Bivens. And the district court dismisses for lack of subject matter jurisdiction. They say those allegations of a federal question are so frivolous, the district court doesn't even have subject matter jurisdiction. And the Supreme Court reverses that decision, and they say, no. I mean, you may have a cause of action problem. You probably failed to state a claim because we've not recognized Bivens yet, but you have alleged that someone violated federal law, and you have alleged that federal law gives you a remedy, and that's not a completely insane position because of cases like Ex parte Young. And so the federal district court has jurisdiction over that claim. And so it was wrong to dismiss for lack of jurisdiction. And so just map that onto this case. Is the question here whether they have, under sort of Twombly and Iqbal, stated a valid 12B6 claim of a personnel action, or is the question of whether their assertion that this is a personnel action so frivolous as to not even trigger the board's jurisdiction in the first place? And, again, so, I mean, another way to think about this is, if we think the question of whether this is a personnel action is debatable or hard, does that just mean the board has jurisdiction, or does that mean we now have to decide what the right answer to that question is? For the very last question, because it's an open review, yes, it is on this court to determine whether the board correctly determined that it cannot, that that was not a personnel action. Going back to it, the board uses jurisdiction probably a little bit different from district courts, which is probably the source of a lot of the confusion here, in that jurisdiction for the board is just something that the board can legally hear or legally undo, as the federal circuit said in Ruggieri. If it can't undo it, then there's not a non-frivolous allegation of a personnel action. Can you tell me where, like, I'm trying to figure out the scope of what the board can do. I'm sort of skipping back to where we were, which might help me understand this question. Where do I look to find that the board has the power to create a position that was canceled but doesn't have the power to create a position that was contemplated but not officially created? Well, prior board decisions, the consistent through line for all of them where it did find personnel action. But is there any place other than the board, I mean, I'd like to find somebody other than the board telling me what the board's authority is, right? So, like, when I try to look at a statute or something that defines what their authority is, other than, you know, the fox itself, right? So, like, where am I looking to find what the limit of the board's power is? Well, the statute is relatively opaque in this situation. Which statute? If I'm looking at – if I want to find a statute, what statute would you have me start at to identify the power of the board? Under 5 U.S.C. 2302, that defines what a personnel action is, and then you're going to look to 5 U.S.C. 1221, which gives the board the authority to issue corrective action for prohibited personnel practices. Okay, I agree that's the statute, and I'm looking at that statute right now. And it says they can order back pay, related benefits, medical costs, travel expenses, and then this starts to seem quite sleeping, any other reasonable and foreseeable consequential damages. I mean that's a pretty broad power, it sounds like. And the word damages there, I think, is important because damages does not include the authority to tell DHS how to rearrange its divisions or what to make a branch or how to create a position. No, but it says you have to pay them the GS-15 scale. Maybe you don't have to create a position, this GS-15, but you've got to pay them back pay and future consequential damages as if they were 15s. And if a position existed, I believe that's correct. It doesn't say if a position existed. You have to pay them damages. I agree, but I think the consistent through line, like I said before, all the different board decisions is it only asserted jurisdiction when a position actually existed. And here, the agency's document, or I'm sorry, petitioner's documentation. But why is what I don't get, right? So why is that the limitation? Because when I read the statute, I thought that might be where you were going. Those statutes don't suggest the limitation that you want the board to have. It doesn't say you can only do it if there's an existing position, right? It says if you fail to promote. But in this case, I don't believe there's an actual valid failure to promote claim due to. That's a totally different question, right? So that's a question about whether it's frivolous or not. I totally get that. But the question that you were asserting is that if there's not a position that's existing, the board lacks the authority to do anything under 1221. And that's what I don't understand. And so where the board gets that standard, and you were asking for other authority to look for, the board for approximately 30 years followed exclusively the federal circuit as it only had exclusive jurisdiction over these. And the federal circuit decision in Ruggieri has been, as both parties have identified, the standard by which the board follows. And what it says there is that the board has to have the ability to undo the action, and that is a limited authority. It's not something that applies to everything. The board, as much as we wish, cannot tell every agency to do whatever we want. Why is that, right? So why – just take back pay, right? You're taking a grant back pay. That doesn't require undoing any action, right? That just grants you back pay. Yes, in that situation, if a position actually existed, and it kind of – and I know we're trying to stay away from it. Imagine one of these individuals retired. They just reached the age of retirement before the claim was finished being adjudicated. The board could say, listen, they should have been made of 15. They weren't. They're retired now, so there's nothing prospective. But, you know, for the last three years, they're entitled to the back pay delta between 14 and 15. That's a corrective action that the board, in this hypothetical, could take, right? Assuming the position existed, yes, and there's probably more they could do. Why – again, one last time – why, assuming the position existed, where are you getting that from? Is that just Ruggieri? That's Ruggieri and other board cases generally. I understand you say you don't want the fox telling you how the fox leaves, but the board's own case law over time has established that this is as far as we think we can go. What is your best case – all right, let's try to move from the board to a court. What is your best case where a court said that something analogous to what happened here was not a personnel action? Analogous to what happened here? I don't have one, but what I would point to you is this court's decision in Campbell, in which there was something else, like a security clearance determination, and this court said the board can't do that. They can't undo that. We've alluded to that. It strikes me as very apparent why the board can't review security clearance denials. That's EGAN. That's just like a totally different doctrine. That's not the board's authority. That's – EGAN is a limitation on – I think it's EGAN, right? Yes, it is. Department of Navy, right? So that's a limitation on our authority that's unrelated to the board's authority or what personnel actions are not personnel actions. Yes, and so the case I would point you back to is the Federal Circuit's decision in Ruggieri. There's an older Federal Circuit decision called King also saying the same thing, that there has to be – a personnel action has to have some sort of principal consequence for an individual, but not everything counts as a personnel action. Only certain actions do. I understood the Ruggieri language that I think you're alluding to about, like, the concrete steps, something that could be ordered done or undone, not really to be going to the remedies question, but more to be just the court's effort to say there has to be something tangible that at least conceptually you could tell the board – I'm sorry, you could tell the agency do it differently. So I thought that that was sort of responding to this idea that, you know, contemplated promotions isn't going to count because there's no such thing in the world as ordering the agency to continue contemplating the promotions. Like, you can't order someone to think something. But if it's that you actually, you know, put up a promotion and this guy applied and then you yanked back the promotion and said, never mind, we're not going to do a GS-15, that is at least sort of conceptually something that could be ordered undone. And that that – because it's concrete. And that that was kind of separate from this remedies question you keep going back to. Can you – I may not be saying this right, but can you respond to that? Well, I believe they all kind of bleed together in that the remedies question was established by the standard in Ruggieri. I'm not intending to refer to – Ruggieri is, like, actually a decision about what remedies the board is authorized to provide. No, I'm not saying that, Your Honor, and I apologize for that confusion. What I'm saying is that the standard in Ruggieri, even though it effectively references remedies, is about the definition of a personnel action, so it does relate to jurisdiction. The definition of personnel action has come over time to incorporate a limit that the board has discovered on what remedies it can provide. Yes, and if it can't provide the remedy, then it doesn't count. So can you just respond to this idea? So I read Ruggieri differently, too, right? This is good. We're all reading it differently, right? So I read that to be really a reference to failure to take, that it wasn't really defining personnel action at all. A promotion is or is not a promotion, right? Like, I do not give him a promotion to be senior law clerk, right? There's no such position. I've never thought about it. It's never occurred to me. But he can say, I did not get a promotion. But it would be unusual for me to say, maybe, that I failed to give him that promotion. When it doesn't exist, we never thought about it, right? We just don't think about a failure to take something where there's not some plausibility or possibility or obligation for action to take. We say you may not get it, but, you know, we wouldn't say, to use an example that somebody else thought of, we wouldn't say that I failed to pay your rent last month, right? Because I don't know you. There's no reason I would have paid your rent, right? We wouldn't say that I failed to pay your rent. That's not the natural use of the word fail. And I read Ruggieri perhaps to be saying that the failure to grant a promotion has to have, like, in order for it to be a failure, there's got to be some expectation or obligation or likelihood or something, right, that goes along with that promotion's existence. So in that situation, that hypothetical, and talking about Ruggieri, the expectation comes out of the existence in the first place of, essentially, some obligation or expectation, such as the position existed, I asked you for it. My rent obligation, I asked for it. And that totally works, maybe, at least in the context where a position exists, right? But what it seems to suggest to me is that it's not limited to a position existing, right? So imagine the scenario instead where I say to my law clerk, I'm going to make you senior law clerk. I've got the authority to do it. You're the one, right? Everybody's got gold, silver, and bronze clerks, right, the best and the worst, right? So you take the best and you say he's going to be my senior law clerk. And I make that promise to him. And then two months passes and it doesn't happen. He can say you failed to give me the promotion, even though Chief Judge Diaz never authorized that position to exist, right? It was just a promise, right? But it created in him an expectation. Despite the existence, the lack of an actual position, right, I could create that expectation by my own actions and words to him that make him sort of be able to say, you failed to give me the promotion that we not just contemplated, but in my example, you promised. But there was no position, right? And that seems to me to fit naturally in the language of, in that instance, I failed to promote him to senior law clerk. So where I think that hypothetical runs out is not talking about any law clerks. I'll talk about myself for a second. You can talk about it. If I one day and my boss and I just went one day to talk about me being promoted to SES or something like that, and she has no authority to promote me to the SES, but we talk about it. And then one day I just allege that I was not given an SES position because of whistleblower reprisal. All of a sudden the remedy for that is I'm entitled to a ton of damages for a position that never existed. No, because you've still got to do causation, right? So you've still got to prove causation. We're not talking about causation yet, but obviously in your example, you couldn't prove causation. You did not get the SES position because of your whistleblowing. You didn't get it for there's no position. It doesn't exist. It never was going to happen. There are lots of causation problems with my hypothetical, but we're not talking about causation. We're just talking about whether you failed to take a personnel action. And if she told you that she was going to do that, and maybe it's got to be a reasonable expectation or I don't know exactly what that standard is, but there's got to be something that you could say, no, you failed to promote me. Well, I think your hypothetical runs into the same causation problem. Chief Judge Diaz has never given you that authority to create the position. So I totally accept. Absolutely. There's a causation issue. But this is not a case about causation. Right. So we could maybe maybe it needs to be on remand. But this isn't a case about causation. This is a case that we rejected jurisdiction. I'll put jurisdiction in quotes because I think you're totally right. To talk about the board's jurisdiction is not to talk about our jurisdiction. Right. Those are different ideas. Right. It's a euphemism in the agency context. But in that sort of context, we don't have a failure to act, a failure to promote problem. We might have a causation problem. And I totally understand a causation problem, but it doesn't look like a failure to promote problem. It's not a personnel action problem. And so we can only I think presumably we can only affirm the board's decision on the ground that it gave, not some alternative ground that maybe you've established a failure to promote, but they lack causation. And they might have a serious causation problem. But bracket that. That's not the question we've got. So I think we just respectfully disagree about whether the extent of the board's authority and we don't believe and the board has never held nor has any other court ever held that we can go that much further and tell the agency to go ahead and create that position or award damages for that hypothetical position. You need to in some way as part of your non-flawless allegation allege that the position concretely existed, that there was a position that they would have been promoted into. And I understand that could get into causation a little bit. But what the board's case is, all the decisions cited by the petitioners, all the cases cited by us, talking about personnel actions here, talk about existing positions and hypothetical contemplated positions have never been something the board has been able to address. Can I ask just somewhat I think a clarifying question? We're talking a lot about the promotion, the failure to promote, and that's in part because it sounds like that's what would give rise to damages here or significant damages. So as the ALJ understood it, that was really the only allegation of a covered, I can't remember what they're called now, personnel action under the statute. And the other two, there's these three allegations, and the other two, the relegation and the reduction, sort of came along for the ride. The argument was that those were intertwined with the promotion claim and helped to kind of flesh out how it happened, but that the petitioners had not alleged that those by themselves, relegation and reduction, were covered personnel actions. I read the papers the same way, but do you agree with the ALJ on that point, or do you think we have three distinct claims in front of us? And the argument is that each one of these, the failure to promote,  that all three of those or any one of them by itself would be a covered personnel action. Well, we don't agree that they'd be covered personnel actions because we found them to be not personnel actions, but generally. I'm talking about what it is that you think the petitioners are kind of alleging. Yes, so the AJ here, administrative judge, pursued these claims or looked at these claims set up in the structure that petitioners initially put forward themselves in their jurisdiction response. They identified all these separate claims, the relegation, the reduction in size, the ceasing of the contemplated permanent promotions, in addition to 18 other claims, and they were the ones who originally bulleted them out and separated them from each other and said these are the claims we want you to look at. The ALJ said notwithstanding that, the only actual argument they're making about relegation and reduction is that those are intertwined with their promotion claim and sort of come along for the ride. But the AJ said expressly they are not alleging that those other two, reduction and relegation, would themselves as a freestanding matter count as covered personnel actions. And I'm just asking do you agree with the AJ's reasoning of your colleague's position before the AJ? So we do agree that those, well, we understand the petitioners even before this court to be pursuing them as separate personnel actions and trying to pursue separate remedies for them, and we get that the largest one they're pursuing is the lack of the promotion, but we understand them to. The AJ got that wrong. No, I think the AJ viewed, he looked at them as just separate actions apart from different claims they also put forward like the removal of the high-profile projects and the removal of certain duties, the failure to select them for the director position and things like that. The judge was saying some of those, essentially the consequences of the realignment the agency did, were personnel actions within the board's jurisdiction. Some of them such as just the relegation to a branch was not a personnel action. I read the AJ differently, but we'll work that out. And then can I just get, I really, if I can just get a yes, I don't know to what extent this is possible. Is it sufficient, assume that there have been non-frivolous factual allegations, all of the factual allegations in this case are non-frivolous. Does the board have jurisdiction so long as there is a non-frivolous legal claim that those facts taken as true count as a covered personnel action, or does the board have jurisdiction only if it is correct that those facts taken as true amount to a covered personnel action? What is the standard I should apply to the legal question in this case? What counts as a covered personnel action? So I understand you asked for a yes or no question. I asked a question that does not actually have a yes or no answer. You can say yes or no, and we won't know what that means. Because you've got a choice between A or B. Just say yes, and you can just walk away. Nobody will know. That would be the easier route. But I believe the board has jurisdiction if they make non-frivolous allegations or factual allegations assumed to be true that meet the definition of a personnel action. The legal claim has to be correct. Yes. Assuming the facts are true, the legal claim has to be correct. Yes. And how do you score that with the Federal Circuit saying that the MSPB had jurisdiction in Brindley? In Brindley, because those positions actually existed. Because the allegation there, which was conditional from the Federal Circuit, said that the actual allegation is you shouldn't have promoted me like you promoted the other people, 212, in the existing position. If this Court has no further questions, then we just respect the request of this Court to affirm the decision of the Board. Thank you very much. Thank you. And Mr. Finley, you've got some rebuttals? Yes, Your Honor. Just real briefly to circle back on that exact thing. I'm going to take advantage of the fact that you're trying to think of what to say, and I'm going to ask you to answer the same question, the non-yes-or-no question I gave your colleague. Assuming non-frivolous factual allegations, we're taking all the facts alleged as true, is the question before us whether your legal claim that those facts amount to a covered personnel action? Is the question before us whether that is a non-frivolous claim, or is the question before us whether that claim is correct? The question is whether it's non-frivolous. Okay. So the regulations do define non-frivolous allegations, and they seem to define them in kind of a fact-y sort of way. You do it under oath. The allegations have to be more than conclusory, plausible on their face. And that says they have to be material to the legal issues in the appeal. It sort of sounds to me like they are something distinct from a legal argument. Maybe I'm reading the regulation wrong. I don't know how to answer that, Your Honor. It's a mess, and I will say I found the decisions on this somewhat unhelpful. Yes. But the issue clearly here is the first step. Are we in the door on jurisdiction in quotes, if we want to call it that? Counsel's point keeps coming back to the suggestion that Ruggieri or something else requires that a position have actually existed. I'll point out in Briley that GS-12 position did not exist, that the claimant was saying she was denied. She had a GS-11, and she was saying it should be made a GS-12. I promise I will not harp on this any further beyond that. Assume for the sake of argument, I think there is a non-frivolous argument that there doesn't have to be an existing position for something to count as, for a failure to promote into that position to count as a covered personnel action. I think that is a non-frivolous argument, but I'm not sure it's correct. Do I have to figure out whether it's correct, or do you win because I think it's non-frivolous? I think we win because it's non-frivolous on jurisdiction. And then I guess to follow up on that, can I just ask you, so okay, so let's say we say the agency can consider it because we the court have concluded it's non-frivolous, therefore the agency has jurisdiction, therefore the agency has to consider it, right? So now you have some sort of proceeding before the administrative judge, and the judge says, okay, well now that I've heard all the evidence and I've thought about it more, I've actually concluded that it's not, right? You've proven everything you claimed happened happened, but upon further reflection, I conclude it is not a personnel action. Is it open to the agency to do that? Because if it's only – I guess I want to think about it. If the initial screen is only for legal frivolousness, that implies there's a later screen where we decide whether it's legally correct. I think – I mean it depends on what you mean when you say – because even in Briley the opinion goes on to talk about, well, okay, the agency has met their burden of proving by clear and convincing evidence that the action would have been taken anyway. No, no, but that's alternative causation. No, the agency just says upon further reflection, we've decided that under the facts and circumstances of this case, the failure to do what these gentlemen alleged they should have done is actually not a personnel action. I know we concluded that you non-frivolously alleged it was personnel action, but upon really bearing down on it, I've now concluded that it's not. Well, I think the – yet, just to return to my example briefly about Bell, like ultimately I assume what happened in that case is that case was dismissed under 12B-6 because there's no such thing as a payments action. Yeah, so I think what you're getting at may be well – because the issue here is really – an easy case is, okay, you were fired, or you specifically applied for a job ABC and you were not selected. Those are straightforward, you know, no ambiguities. Where it becomes harder is where you've got something – what the agency has done is an artifice to avoid having to fire someone or specifically not select them for a position. So they'll change the way the position is posted. They'll tweak the requirements to take it away from the person they don't want to get it. They will run it through another system, like the intern system, like they did in Wood. They won't – they'll reclassify it. They will – they'll just, you know, pull the posting. You know, all of these things, you know, that are trying to work around, which – and I want to come back to this. It's a little bit of a canard to say the positions didn't exist. Two of them clearly did and were eliminated, not by we're eliminating the position of director and the position of deputy director. They were instead eliminated by we are relegating the weapons of mass destruction division to branch status, and we're putting it way down the chain over here, ergo there can be no director, no deputy director. And that is what Mr. Taylor and Mr. Jones were stressfully told. We are doing this so that you are no longer this. If you went back, you would have to show that the reason, the like the but for reason, because of reason for that relegation was retaliation. Exactly. Right. And so – and that – you don't have to answer this, but that might be really hard. But your argument in effect is that that's an issue we ought to have to take up before the board. Correct. Can you respond to what I took to be at least part of Judge Harris's question? If for one reason or another the promotion, the 14 to 15 claim went away, doesn't matter for what reason, but if it went away, do you agree that the other two claims necessarily would fail? I mean, those two claims are supportive of the 14 to 15 claim, but they don't separately stand alone. You couldn't allege a personnel action absent the promotion piece based on a relegation of an agency. I think you could, and it's based on how you're characterizing it. Obviously, there are a couple of things. I'm saying in this case. I'm asking for your case. I'm not saying in some theoretical other case. I'm saying in this case, if I found because of some other reason that the promotion claim failed, the other two claims fall off, too. And the answer would be in this case, no. And the reason is personnel action is defined as an appointment and approach promotion or failure to promote, failure to make an appointment. That's all clear. We've been talking about this. What is also a personnel action is any other significant change in duties, responsibilities, or working conditions. Are you just in front of the ALJ that this fell within the catch-all? Because I didn't see that. You did? I'm almost certain. I can't cite you. They were intertwined. And what the ALJ said is that you contend that all three alleged actions are intertwined, and that actually seems to be the thrust of your brief before us, too, and that you do not seem to contend that the second and third alleged events, and that's relegation and reduction, would be considered personnel actions on their own as opposed to events that contributed to the first alleged personnel action, and that's the promotions. So I went back and I read your brief before the ALJ, and that does appear to be the argument you were making, and it's also more or less the argument you're making before us. But do you think you have preserved an argument that even apart from the promotions, these other two things? I do, because all of these things is how the personnel actions were accomplished, the artifices. How the promotions were accomplished. The failure to obtain the promotions, the elimination of their existing positions. The elimination of the existing positions is a waived claim, right? That was like the seventh one that the ALJ found was covered, and you said we're waiving that one, that their duties were changed and everything was reassigned and now they have nothing to do. Isn't that the waived claim? It was really broad. And your last claim, sorry, the seventh claim that the ALJ recognized was the really broad one that said you changed their positions. You changed Jones' and Taylor's positions. You removed their law enforcement designations. You denied them opportunities to work on related projects, and that has the effect of reducing their retirement benefits and also their post-retirement employment opportunities. Those are all separate things that happened later on top of what happened in February to May of 2018. Changing their position descriptions is not the part where they lose their acting. It didn't stop with you're no longer director, you're no longer deputy director. You separately allege the part where they lose their acting. Yes, because they were bounced around. They were initially relegated to one place and then bounced around all over God's creation over the subsequent four or five years, which each there's – So you think there's a separate allegation in here that their acting positions were taken away besides number – Yes, because the contemplation was these positions that two of the three were already in – That's the promotion claim. Yes, we're going to be – There is a promotion claim, and then there's this one about their position descriptions change, but you think there is also somewhere in this long list, which I am just not finding right now, something that says they were deprived separately from the waive claim, something that says they were deprived of their acting positions. Yes, and that's referring to things – Well, the acting – That's what happened in February of 2018. But it's not alleged as a – It's in the initial IRAs, and it's in the initial jurisdictional submission. Can I just ask one thing that just triggered that? So the government says removing someone's acting designation is not a personnel action. And what I understood your response to be is that's true in a limited sense, that basically – But in the sense of it only is in the sense that by removing the acting designation, you took away my chance to get the permanent designation, that there's no freestanding you lost your acting status, that no one has a possessory property interest in being the acting head of something. I think that's fair. Right, and so they said you have a claim about loss of the acting status. It's more like failure to remove the word acting, which is really a failure to promote claim. Well, except deputy and director, whether you're acting or permanent as a status, that's a head of a division. By relegating them to a branch, poof, that's not even available anymore, and that was the whole point of what the agency did. But I guess just the limited point, you agree that simply removing someone's acting designation is not a personnel action. Well, if you're just removing the acting designation, then you're making them not the – you're no longer the acting director, you are the director. I guess a way to think about it, there's a whole bunch of positions in the executive branch where to be the permanent person you need Senate confirmation, and in the absence of a Senate-confirmed person, someone is an acting person, and when there's someone confirmed by the Senate, that person loses their acting position. That person has not experienced a personnel action. That's right. Those folks would be outside of the MSPB context anyway. But as soon as you're not – assuming you're within the civil service protections, if you – yes, if somebody else is chosen to be the permanent director and you're no longer the acting director, well, that's a personnel action if – it could be. If it's premised – if they chose this other person to do it. Right. That's if they chose this other person, that if their failure to make you the permanent director was a retaliation for whistleblowing, yes. Or they changed your position because they didn't like you because you're whistleblowing and put in somebody else as acting director. I mean, all of those could be personnel actions that are actionable under the WPA depending on what the facts are, which I think is the core point of our argument. Before you wrap up, I'm sorry. I know we've kept you up here way too long. I just have a sort of – I hope it's a clarifying question that will give you a chance to get rid of some of my confusion here. So I am treating the part of your jurisdictional filing where you list. It's paragraph 41. Here is a list of our allegations. These are the prohibited personnel practices. I was treating that as sort of like the allegations in a complaint. And that's where I'm not seeing some of the stuff you're arguing. And so even though those other things were alluded to in some of your briefs, and I'm trying to figure out – and you may know the answer to this question. I don't know board procedure. Are you limited now when you argue for covered personnel practices to the things, the 22 things you listed out in paragraph 41? Or can you also draw from your briefs on reconsideration and stuff like that? I mean, I think the question – to an extent, it's an evidentiary question. Obviously, you're not limited. If it's for court, we'd be like, no, no, you're stuck with your allegations. Your claim is this. I think we couldn't go back and say, okay, well, they – I'm trying to think of something. Yeah, something totally unrelated. Something completely unrelated or they gave me a bad performance review. You couldn't throw that out. I think if it's related. But I think, yeah, it's related because obviously it's hard to distill these things, especially where you're dealing with something that is an indirect action that affects a personnel action as opposed to a classic, clear, you know, we fire you, you're fired personnel action. We tried to focus it on the agency actions specifically that affected the personnel action, which the three we're focused on now are the main components of the claim. And I wanted to emphasize as well kind of the significance of this because the facts here are almost too crazy to be true. But they're all true, that these guys were basically stuck in a room and given nothing to do and haven't been since, except for Mr. Wynn who was able to get away and go somewhere else. The economic irrationality of this is something that only a government agency, you know, should decide to do. And there are implications for groups of employees and employees performing important functions in every agency, whether it's the FDA, the EPA, the Department of Energy, Department of Labor, where there are issues with leadership and their desire to follow the law or not follow the law, do things Congress has required them to do or not, follow their own regulations. The danger is presented in every one of those instances that if the court were to and the board were to immunize categorically an agency from a Whistleblower Protection Act case simply because they choose not to file the people, not to dock their pay, but to move them out of the line of any possibility for advancement and remove all their responsibilities and hope they quit, that's a huge loophole. Thank you, counsel. I appreciate your time. We will come down and greet counsel and then we'll take a short break before our final case. The Honorable, the judges, this Honorable Court will take a brief recess.
judges: Pamela A. Harris, Julius N. Richardson, Toby J. Heytens